UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS A. GREENAWALT,<br><br>    Plaintiff,<br><br>    v.<br><br>ARCHDIOCESE OF SAN FRANCISCO,<br><br>    Defendant. | Case No. 15-cv-05077-JCS<br><br>**ORDER REVIEWING COMPLAINT UNDER 28 U.S.C. § 1915** |

## I. INTRODUCTION

Plaintiff Chris A. Greenawalt filed this pro se action against Defendant the Archdiocese of San Francisco, his former employer, seeking to compel arbitration under 9 U.S.C. § 4. Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court dismisses Plaintiff's complaint with leave to amend.

## II. THE COMPLAINT

Plaintiff alleges that he was hired by Defendant Archdiocese of San Francisco in December 2013 "to bring credibility and stability to a position, office, and organization that was in the midst of turmoil and litigation as a result of a sexual scandal and the theft of tens of thousands of dollars." Complaint at 4. He alleges that he was a "dedicated, respected, well-liked Archdiocese employee." *Id*. Problems began to arise, however, when a new Rector was appointed, in January 2015, Father John DeLa Riva. *Id*. Greenawalt alleges that Father

1   DeLaRiva made people around him, including Plaintiff, feel "discomfort" due to his "cold
2   demeanor and odd accusations." *Id*. Greenawalt alleges that Father DeLaRiva "orchestrated the
3   departure" of a number of employees and that after a few months, on June 19, 2015, he "found a
4   way to dismiss" Greenawalt from his position as well. *Id*. at 4-5.

According to Plaintiff, he submitted a written request for arbitration with the Human Resources Department within a week of his termination, on June 25, 2015. *Id*. On the Request for Arbitration Form, he wrote that the nature of the claim was as follows:

> Terminated without due process; held responsible for actions of others; made to endure hostile work environment by actions of new rector & informed by Vicar-Admin HR that I would not be receiving assistance.

Request for Arbitration Form (Attached to Complaint). Although the Archdiocese was not able to locate Greenawalt's signed arbitration agreement, Plaintiff did not object to resolving his disputes through arbitration, consistent with the Archdiocese policy subjecting all employees to binding arbitration. Complaint at 7; *see also* Archdiocese of San Francisco Alternative Dispute Resolution Policy (attached to Complaint) ("If informal discussions are unsuccessful, the aggrieved party involved may submit any dispute arising out of, or related to, termination of employment, alleged unlawful discrimination, alleged sexual or other harassment, or retaliation to final and binding arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. Arbitration is the exclusive remedy for both the employee and the Archdiocese of San Francisco"). However the Archdiocese has continued to "stall, manipulate, and claim ignorance of the legal arbitration process," Plaintiff alleges. Complaint at 9. Accordingly, Plaintiff has filed this action seeking to compel arbitration under the FAA, 9 U.S.C. § 4.

### III.    ANALYSIS

Section 4 of the FAA provides, in relevant part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The Supreme Court has explained that this language means that there must be an "independent jurisdictional basis," that is, that the mere fact that a petition to compel arbitration invokes the FAA is not enough to give rise to federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 59-61 (2009). In *Vaden*, the Court held that in order to determine whether such an independent basis for subject matter jurisdiction exists, "[a] federal court may 'look through' a § 4 petition [to the parties' underlying substantive controversy] to determine whether it is predicated on an action that 'arises under' federal law." *Id*. at 62. In evaluating whether the substantive controversy gives rise to federal subject matter jurisdiction, courts are to apply the "well-pleaded complaint rule and the corollary rule that federal jurisdiction cannot be invoked on the basis of a defense or counterclaim." *Id*. at 70. In *Vaden*, the Court found that there was no federal jurisdiction over a petition to compel arbitration brought under the FAA where the underlying controversy was "a garden-variety, state-law-based contract action." *Id*. at 54, 66.

Federal subject matter jurisdiction may be based on the existence of a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331-1332. There are no allegations in the Complaint suggesting the parties meet the requirements for diversity – complete diversity of citizenship and an amount in controversy that exceeds $75,000. Nor does the Court find that the underlying dispute involves any federal question. Rather, the allegations in the Complaint indicate that Plaintiff is seeking to assert a state-law claim for wrongful termination. In reaching this conclusion, the Court notes that Plaintiff does not allege that he was subjected to a hostile work environment or terminated on the basis of his membership in a protected class, such as race or gender, which might convert his claim to a federal claim. Nor is his allegation that he was "terminated without due process" sufficient to raise a federal question because the Archdiocese is not a state actor and there is no allegation suggesting that there was even a nexus between the actions of the Archdiocese and any state action. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action'"). Because Greenawalt has not alleged any facts showing that there is federal subject matter jurisdiction over the underlying dispute, the

Court may not exercise federal jurisdiction over his petition to compel arbitration under the FAA.[1]

## IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed with leave to amend within thirty (30) days of the date of this Order. The Case Management Conference set for **February 12, 2016 is vacated.**

**IT IS SO ORDERED.**

Dated: January 20, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

---

[1] Even if Plaintiff is unable to amend his Complaint to establish federal jurisdiction, he will not be left without a remedy because he may petition a California court for aid in enforcing the arbitration agreement. As the Court in *Vaden* explained, "[u]nder the FAA, state courts as well as federal courts are obliged to honor and enforce agreements to arbitrate." 556 U.S. at 71.

4